IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00519-MR

ROBERT ANTHONY FISHER,      )
                            )
          Plaintiff,        )
                            )
vs.                         )     ORDER
                            )
EDDIE CATHEY, et al.,       )
                            )
          Defendants.       )
_____ )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are Plaintiff's Request for Production of Documents [Doc. 11] and Motion to Compel [Doc. 13]. Plaintiff is proceeding in forma pauperis. [Doc. 9].

## I.    BACKGROUND

Pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] complaining about incidents that allegedly occurred at the Union County Jail. Plaintiff names as Defendants: Union County Sheriff Eddie Cathey; Captain Miles, the Union County Jail Administrator;

---

[1] Plaintiff also claims jurisdiction according to "Negligence, Federal Tampering with Mail" [Doc. 1 at 1], however, this theory provides no basis for the Court's jurisdiction. See generally Doe v. Broderick, 225 F.3d 440 (4th Cir. 2000) (federal criminal statutes do not ordinarily create individual rights); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983).

Lieutenant Adcock; Sergeant Medlin; Detention Officer Orlando; and Detention Officer Hargis.

In his Complaint,[2] Plaintiff describes the causes of action as "Violating Mail Privileges," and "Coercion, threats & theft, cover up." [Doc. 1 at 3]. Plaintiff alleges that Defendants Orlando and Hargis removed his property, including his legal mail, when they took him to "Admin" on March 26, 2019, at which point all of Plaintiff's documents went missing. [Doc. 1 at 3]. Plaintiff alleges that Defendants Orlando and Hargis "threaten[ed] [Plaintiff] with coercion." [Doc. 1 at 3]. Plaintiff further claims that Defendants Medlin, Adcock and Miles viewed video surveillance of the incident. [Doc. 1 at 3]. Plaintiff asserts that he believes that "Jail Admin" is trying to cover up something. [Doc. 1 at 5]. For injuries, Plaintiff alleges that the loss of his property rendered him unable to establish a defense in his criminal case. He also alleges mental anguish and physical stress. He appears to seek the termination of Defendants Orlando and Hargis' employment and $950,000 in damages. [Doc. 1 at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

---
[2] Portions of the Complaint are illegible.

grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

3

As a threshold matter, to the extent that Plaintiff was convicted of the offenses for which he claims he was deprived access to the courts, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added).

Plaintiff's success on the claim that the loss of his documents deprived him of a criminal defense would necessarily imply the invalidity of his conviction in the underlying criminal matter. See Lewis v. Casey, 518 U.S. 343, 353 (1996) (to satisfy the injury requirement of an access to courts claim, the prisoner must demonstrate that his nonfrivolous post-conviction or

4

Case 3:19-cv-00519-MR   Document 14   Filed 06/09/20   Page 4 of 7

civil rights legal claim has been frustrated or impeded). Plaintiff is now in the custody of the North Carolina Department of Public Safety and has not alleged that a conviction has been reversed or otherwise invalidated.[3] Therefore, this claim appears to be barred by Heck.

Plaintiff's other claims are insufficient to proceed. Plaintiff makes no factual allegations whatsoever with regards to Defendant Cathey. See generally Fed. R. Civ. P. 8(a) (a short and plain statement of the claim is required). To the extent that Plaintiff alleges Defendants Medlin, Adcock and Miles viewed a videotape, that Defendants Orlando and Hargis threatened and coerced him, and that a cover-up occurred, these claims are too vague and conclusory to state a plausible claim against any Defendant. Id. These allegations will therefore be dismissed for failure to state a claim upon which relief can be granted.

## IV. PENDING MOTIONS

First, Plaintiff has filed a Request for Production of Documents in which he seeks discovery from Defendants in this action [Doc. 11]. The Request will be denied as premature as the Complaint has not passed initial review, Defendants have not been served, and discovery has not commenced. In

---

[3] Plaintiff's address of record is at the Piedmont Correctional Institution. The NCDPS website indicates that Plaintiff is presently incarcerated on multiple charges of robbery and witness intimidation.

5

addition to being premature, this Request has also been misdirected to the Court.  See LCvR 26.2.

Second, in his Motion to Compel, Plaintiff asks the Court to intervene in a dispute between Plaintiff and the Jail with regards to a medical debt. [Doc. 13].  The Court declines to insert itself into a dispute between Plaintiff in the Jail, and therefore, the Motion will be denied.

**V.  CONCLUSION**

In sum, Plaintiff has failed to state a claim against any Defendant.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply and to otherwise properly state a claim upon which relief can be granted.  Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order.  If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Production of Documents [Doc. 11] and Motion to Compel [Doc. 13] are **DENIED**.

**IT IS SO ORDERED.**

Signed: June 8, 2020

Martin Reidinger
Chief United States District Judge